## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                              Chapter 11

WYNWOOD ENTERTAINMENT, LLC,          Case No. 15-11752-RAM

     Debtor.
_____/

VMI ENTERTAINMENT, LLC,

     Plaintiff,

v.                                                   Adversary No. 15-01074-RAM

GM ENTERTAINMENT, LLC,
YURY BEKERMAN,
RICARDO BLANCO,
GREGORY BLANCO,
AG 11, LLC,
WYNWOOD ENTERTAINMENT, LLC, and
MAZE CONSTRUCTION GROUP, LLC,

     Defendants.
_____/

## EMERGENCY MOTION OF VMI ENTERTAINMENT, LLC
## FOR REMAND OR, IN THE ALTERNATIVE, FOR PERMISSIVE ABSTENTION

**Emergency Hearing Requested for the afternoon of Tuesday, February 3, 2015**

**VMI is scheduled for trial on Wednesday, February 4, 2015 against the Debtor, the Debtor's corporate sibling and fellow chapter 11 debtor AG 11, LLC, and both entities' non-debtor principal Gregory Blanco. VMI understands the state court is holding the trial date in the event VMI's motions for remand and stay relief are heard and granted on February 3, 2015. In addition, two of VMI's representatives have traveled from Russia to Miami to participate in this trial. Accordingly, VMI seeks a hearing on Tuesday, February 3, 2015, to preserve VMI's trial date and to protect VMI's representatives.**

VMI Entertainment, LLC ("**VMI**") moves pursuant to 28 U.S.C. §§ 1334(c)(1)

and 1452(b) of the Bankruptcy Code for remand or, in the alternative, for permissive abstention

of the above-captioned adversary proceeding to the extent and for the reasons set forth in its

*Memorandum of Points and Authorities in Support of (I) Emergency Motions for Remand or, in the Alternative, for Discretionary Abstention; and (II) Emergency Motions for Relief from the Automatic Stay* (the "**Memorandum**"), which is attached as **Exhibit** "**A**" hereto and is

incorporated by reference.[1]

Dated: February 2, 2015

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By:  /s/ John R. Dodd
Paul J. Keenan, Jr.
Fla. Bar. No. 0594687
keenanp@gtlaw.com
John R. Dodd
Fla. Bar No. 38091
doddj@gtlaw.com

*Counsel for VMI Entertainment, LLC*

---

[1]  Except for its caption, the Memorandum is identical in each of the four motions arising from the removal to this Court of the civil action styled *VMI Entertainment, LLC v. GM Entertainment, LLC, et al.*, No. 2012-5691-CA, formerly pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## CERTIFICATE OF SERVICE

      I hereby certify that on February 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail, postage prepaid, for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ John R. Dodd
JOHN R. DODD

**Electronic Mail**:

Nicholas B. Bangos, Esq. on behalf of Debtor
nbangos@diazreus.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**U.S. Mail**:

None.

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                              Chapter 11

WYNWOOD ENTERTAINMENT, LLC,          Case No. 15-11752-RAM

      Debtor.

_____/

VMI ENTERTAINMENT, LLC,

      Plaintiff,

v.                                                  Adversary No. 15-01074-RAM

GM ENTERTAINMENT, LLC,
YURY BEKERMAN,
RICARDO BLANCO,
GREGORI BLANCO,
AG 11, LLC,
WYNWOOD ENTERTAINMENT, LLC, and
MAZE CONSTRUCTION GROUP, LLC,

      Defendants.

_____/

**VMI ENTERTAINMENT, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS (I) MOTIONS FOR REMAND OR, IN THE ALTERNATIVE, FOR**
**PERMISSIVE ABSTENTION; AND (II) MOTIONS FOR RELIEF FROM STAY**

      VMI Entertainment, LLC ("**VMI**") submits this memorandum of points and authorities in

support of its (i) *Emergency Motion for Remand or, in the Alternative, for Permissive Abstention*

filed in Adversary No. 15-01074-RAM (the "**Wynwood Motion for Remand**"); (ii) *Emergency*

*Motion for Remand or, in the Alternative, for Permissive Abstention* filed in Adversary No. 15-

01075-RAM (the "**AG 11 Motion for Remand**"); (iii) *Emergency Motion for Relief from Stay*

filed in Case No. 15-11752-RAM (the "**Wynwood Motion for Stay Relief**"); and

(iv) *Emergency Motion for Relief from Stay* filed in Case No. 15-11758-RAM (the "**AG 11**

**Motion for Stay Relief**").  In support of these four motions (the "**Motions**"), VMI respectfully states as follows:

<u>**Introduction**</u>

1.       VMI obtained a $3,000,000 judgment for fraud against the Debtors' principal's father (Ricardo Blanco), relating to the purchase and sale of a nightclub in Tallahassee.  Through the efforts of its investigators and attorneys VMI traced the $1,715,250 purchase price to the Debtors' principal and the Debtors, which used the purchase price to buy a bar in Wynwood named the "Brick House Bar".  VMI commenced proceedings supplementary in the fraud case to adjudicate (among other things) whether the primary defendant Ricardo Blanco fraudulently titled the "Brick House Bar" in the name of his young son, Gregory using Plaintiff's funds to purchase the bar and avoid payment of Plaintiff's judgment.

2.       After a series of adverse rulings from State Court[1]—including a preliminary injunction and discovery sanctions—the Debtors commenced these Bankruptcy Cases on the eve of trial.  Two of VMI's principals have traveled from Russia to participate in the trial.  Other than removing the State Court Lawsuit, the Debtors have not sought "first day" relief or filed schedules or statements of financial affairs.  Based on these circumstances, remand or abstention is warranted in the interests of comity, to prevent unfair prejudice to VMI and its principals, and to deter the Debtors' forum shopping.  For the same reasons, "cause" exists to terminate the stay as to the State Court Lawsuit upon remand or abstention to the State Court.

<u>**Jurisdiction**</u>

3.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]    Capitalized terms used by not defined in this Introduction are defined in the body of this Memorandum.

2

4.      The statutory predicate for the relief requested herein is 11 U.S.C. § 362 and 28 U.S.C. §§ 1334 and 1452.

### Background

A.      The Debtors

5.      On January 29, 2015 the ("**Petition Date**"), Wynwood Entertainment, LLC and AG 11, LLC (collectively, the "**Debtors**") each filed in this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing their respective bankruptcy cases *In re Wynwood Entertainment*, No. 15-11752-RAM, and *In re AG 11, LLC*, No.15-11758-RAM (collectively, the "**Bankruptcy Cases**").  The Debtors are both Florida limited liability companies.

6.      AG 11 owns the real property located at 187 NW 28th Street, Miami, Florida 33127.  The property is leased by AG 11 to Wynwood Entertainment, which uses the premises to operate a bar and restaurant named "Brick House Bar."  Both AG 11 and Wynwood Entertainment are purportedly wholly-owned by Gregory Blanco ("**Gregory**").

B.      Status of the Debtors' Cases

7.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      No request for joint administration of the Bankruptcy Cases has been made.  No Official Committee of Unsecured Creditors has yet been appointed.  No trustee or examiner has been appointed in these Chapter 11 Cases.

9.      No schedules or statements of financial affairs have yet been filed.

10.      No "first day" relief has been sought in these Bankruptcy Cases.  The absence of requests for "first day" relief by Wynwood Entertainment is puzzling in that it is operating the

3

Brick House Bar.  It presumably has pre-petition claims for employee wages and ordinary course vendor relationships.

11.    Although the Debtors have not sought any "first day" relief, they have removed the state court lawsuit styled *VMI Entertainment, LLC v. GM Entertainment, et al.*, No.  2012-5691-CA (the "**State Court Lawsuit**"), formerly pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "**State Court**").

12.    The Debtors removed the State Court Lawsuit twice by filing nearly identical Notices of Removal in Wynwood Entertainment's bankruptcy case, commencing Adversary Proceeding No. 15-01074 (the "**Wynwood Adversary**") and in AG 11's bankruptcy case, commencing Adversary Proceeding No. 15-01075 (the "**AG 11 Adversary**"; together with the Wynwood Adversary, the "**Adversary Proceedings**"), on the afternoon of January 30, 2015 (the "**Removal Date**").

C.    VMI

13.    VMI is owned by Murat Datiev, Igor Datiev, and Vadim Muhkin.  The Datiev brothers live in Russia.  VMI is a Florida limited liability company.

D.    The State Court Lawsuit and Background to Fraud Judgment

14.    At the conclusion two years of proceedings in the State Court, VMI obtained a judgment for fraud in the amount of $3,000,000 entered in the State Court Lawsuit on November 4, 2013 (the "**Fraud Judgment**").  *See* Corrected Final Judgment, a copy of which is attached as Exhibit "1" to the Notices of Removal.  The Fraud Judgment is against Ricardo Blanco ("**Ricardo**"), Gregory's father; Yury Bekerman ("**Yury**"), Gregory's brother; and GM Entertainment, LLC, a company of Ricardo and Yury.

15.    Ricardo previously owned and operated the 2020 Nightclub in Tallahassee, Florida, using his son Yury as the nominal officer, director, and owner of the liquor license and

4

operating company for that establishment.  VMI agreed with Ricardo and Yury to purchase the

2020 Nightclub, and pursuant to the agreement VMI transferred funds to Ricardo (the "**Purchase**

**Price**").  Although the Purchase Price was transferred to Ricardo, the material terms of the sale

transaction were never consummated.

16.    Based on these circumstances, VMI commenced the State Court Lawsuit in

December 2012, and VMI's claims were ultimately tried to a jury.  The jury found for VMI and

against Ricardo, Yury, and GM Entertainment, leading to entry of the Fraud Judgment by the

State Court.  The Fraud Judgment has been affirmed through two separate appellate proceedings.

F.    Background to and Status of Proceedings Supplementary

17.    Through substantial efforts of its private investigators and attorneys VMI has

found the Brick House Bar in Miami owned by Ricardo but placed nominally in the name of his

other son Gregory to avoid payment of the Plaintiff's judgment.  VMI has further traced the

Purchase Price to the purchase of the Debtors' real property and build out of the "Brick House

Bar" as exclusively to the funds of VMI.

18.    Accordingly, on October 2, 2014, VMI commenced proceedings supplementary in

the State Court Lawsuit.  The proceedings are against Gregory, Wynwood Enterprises, and

AG 11.  Among other relief, VMI seeks entry of judgment that the "Brick House Bar," including

the real property, its retail beverage license, and its business, are property of VMI.

19.    In the proceedings supplementary, the State Court has completed the pleadings

stage and discovery.  The State Court has scheduled a trial on VMI's claims in the proceedings

supplementary for February 4, 2015 (the "**Trial**").  VMI understands the State Court is holding

the trial date pending the outcome of the Motions.

20.    The State Court has entered preliminary relief in favor of VMI and discovery

sanctions against Gregory, Wynwood Entertainment, and AG 11.  In particular:

5

- VMI has obtained a preliminary injunction against Gregory, Wynwood Entertainment, AG 11 enjoining any sale, transfer or encumbrance of the "Brick House Bar," including its real property and retail beverage license.[2]

- VMI has obtained an order compelling Ricardo to provide deposition testimony, discovery responses, and documents.[3]   Ricardo has failed to comply with this order.  As a sanction for his subsequent failure to produce documents, the State Court has precluded Gregory, Wynwood Entertainment, or AG 11 from introducing related documents at trial.[4]

- VMI has obtained an order compelling the deposition of Alla Maze[5] who is alleged by Gregory to have funded, at least in part, the purchase and build out of the "Brick House Bar."[6]  Alla Maze failed to appear for her deposition.  As a sanction for which she will be stricken as a witness at trial.

21.     VMI's principals have traveled from Russia to Miami to participate in the trial.

## Relief Requested

22.     VMI requests the entry of an Order remanding the Adversary Proceedings to the State Court or, in the alterative, abstaining from the Adversary Proceedings; and terminating the stay as to the State Court Lawsuit,

## Basis for Relief Requested

**A.      Remand of or Permissive Abstention from the Adversary Proceedings is warranted.**

23.     By statute, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).  Similarly, the doctrine of permissive abstention applies where "in the interest of justice, or in the interest of comity with State courts or respect for State law" the court finds it appropriate to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

---

[2]     A copy of the State Court's *Agreed Order on Extension of Preliminary Injunction* is attached as **Exhibit "A"** hereto.

[3]     A copy of the State Court's order is attached as **Exhibit "B"** hereto.

[4]     A copy of the order is attached as **Exhibit "C"** hereto.

[5]     Alla Maze is Gregory and Yury's mother and Ricardo's "common law" wife.

[6]     *See* Ex. C.

24.     The doctrines of equitable remand and permissive abstention are similar and

courts generally consider the same factors in analyzing both sections.  *Lennar Corp. v.*

*Briarwood Capital LLC*, 430 B.R. 253, 267 (Bankr. S.D. Fla. 2010) (citing *In re United*

*Container LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002)).  Courts consider the following

factors relevant to the analysis of remand and permissive abstention:

> (1) the effect, or lack of effect, on the efficient administration of the bankruptcy
> estate if discretionary abstention is exercised, (2) the extent to which state law
> issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of
> the applicable state law, (4) the presence of related proceedings commenced in
> state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any,
> other than § 1334, (6) the degree of relatedness or remoteness of the proceedings
> to the main bankruptcy case, (7) the substance rather than the form of an asserted
> "core" proceeding, (8) the feasibility of severing state law claims from core
> bankruptcy matters to allow judgments to be entered in state court with
> enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's
> docket, (10) the likelihood that the commencement of the proceeding in
> bankruptcy court involves forum shopping by one of the parties, (11) the
> existence of a right to jury trial, (12) the presence in the proceeding of non-debtor
> parties, (13) comity, and (14) the possibility of prejudice to other parties in the
> action.

*Id.*

25.     Three factors weigh heavily in favor of remand or abstention: comity, judicial

economy, prejudice to VMI, and forum shopping by the Debtors.  The time and effort already

expended by the State Court in conducting a jury trial on related matters and in completing the

pleadings stage and discovery in the State Court Lawsuit favors remand or abstention.  *See*

*Lennar Corp.*, 430 B.R. at 268 (quoting *Lone Star Industries, Inc. v. Liberty Mutual Insurance*,

131 B.R. 269, 274 (D. Del. 1991) (as "a matter of comity, remand would display a proper respect

for a state court's role in deciding a purely state law case, and ***in particular, [the state court***

***judge's] prior investment of time and efforts in managing the case***") (emphasis added;

alteration in original).  Requiring these issues to be relitigated from the beginning in this Court

would be an unnecessary waste of judicial resources.  The State Court Lawsuit began in 2012 in

state court, has been through jury trial and two appellate proceedings, has been completely

through the pleadings and discovery in the State Court on a supplementary proceedings

complaint, and is now ready for Trial.  The effort expended in the State Court on the matters

pending in the Adversary Proceedings includes not only completing the pleadings stage and

discovery but also the entry of an involved preliminary injunction and discovery sanctions

limiting the evidence that may be used at Trial.

26.     The need to duplicate some or all of these efforts before this Court would unfairly

prejudice VMI.  It would also be unfairly prejudicial to render a nullity the expense and effort of

VMI's principals in flying from Russia to Miami specifically to participate in the Trial.[7]

27.     Moreover, the Debtors' forum shopping should not be rewarded.  The inference of

forum shopping can be drawn from the record of adverse rulings in the State Court, including but

not limited to the Fraud Judgment, the preliminary injunction, and the discovery rulings

precluding evidence.  The inference can also be drawn from the Debtors' "bare bones", eve-of-

trial filing without any "first day" motions in which the only immediate relief sough was removal

of the State Court Lawsuit.  Further inference can be drawn from the lack of any substantial

creditors on either Debtors' list of twenty largest unsecured creditors.

28.     Other factors also favor remand or abstention.  The legal issues in the Adversary

Proceedings are solely state law issues.  The jurisdictional basis is solely 28 U.S.C. § 1334.

There will be further proceedings in the State Court Lawsuit against Ricardo and Alla Maze that

would need to be conducted in the Adversary Proceedings if they are not remanded.

---

[7]     Further prejudice is imposed on the VMI by the Debtors efforts to circumvent the State Court's preliminary
injunction in light of AG 11 discussing and considering surrendering its real property to its secured lender via a
deed-in-lieu.  *See* Excerpt of Deposition of James Saada 21:1-9 & 35:15-21 (November 11, 2014), a copy of
which is attached as **Exhibit "D"** hereto.

29.     Finally, allowing the State Court to determine the ownership of the "Brick House Bar" will not impede the efficient administration of the Bankruptcy Cases.  VMI's claims against the "Brick House Bar," which included disputed claims to title of its real property and other assets, must be decided before a sale or confirmation of a chapter 11 plan.[8]  The State Court is ready to make these determinations without delay.

**B.     Cause exists to terminate the stay as to the Adversary Proceedings to allow the State Court Lawsuit to proceed to trial.**

30.     Section 362(d)(1) of the Bankruptcy Code permits relief from stay "for cause". One example of "cause" for relief from stay is to allow litigation to continue in another forum.

31.     If the Court remands or abstains from the Adversary Proceedings, then cause exists to terminate the stay so as to allow the State Court Lawsuit to continue and the Trial go forward as scheduled.  The reasons are the same as those warranting remand or abstention: the time and effort already expended by the State Court, the prejudice to VMI's principals in having to return to Miami and in having to duplicate in the Bankruptcy Court their efforts before the State Court, and the Debtors' clear forum shopping.

## Local Rule 9075-1 Certification

32.     Counsel for VMI and counsel for the Debtors had a telephonic call to attempt to resolve this matter without a hearing, but were unable to reach a resolution.  Counsel for the Debtors has advised counsel for VMI that he is unavailable in the morning of Tuesday, February 3, 2015, because is he in bankruptcy court in Ft. Lauderdale.

---

[8]     The absence of "first days" makes it impossible to know the Debtors' intentions for these Bankruptcy Cases. However, based on the statements and positions of the Debtors in the State Court Lawsuit, the Debtors may intend to seek a sale of substantially all their property.

<u>**Conclusion**</u>

WHEREFORE, VMI respectfully requests the entry of an Order (i) granting the Motions;

(ii) remanding the Adversary Proceedings to the State Court or, in the alterative, abstaining from

the Adversary Proceedings; and (iii) terminating the stay as to the State Court Lawsuit.

Dated: February 2, 2015                          Respectfully submitted,

                                        **GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By:  /s/John R. Dodd_____
Paul J. Keenan, Jr.
Fla. Bar. No. 0594687
keenanp@gtlaw.com
John R. Dodd
Fla. Bar No. 38091
doddj@gtlaw.com

*Counsel for VMI Entertainment, LLC*

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

VMI ENTERTAINMENT, LLC,

      Plaintiff,

v.

CASE NO:  12-5691 CA (58)

GM ENTERTAINMENT, LLC, YURY BEKERMAN, and RICARDO BLANCO, et al.

      Defendants.

_____/

## AGREED ORDER ON EXTENSION OF PRELIMINARY INJUNCTION

THIS CAUSE having come before the Court on the Motion for Emergency Preliminary Injunction, and upon agreement of the Plaintiff, VMI Entertainment, LLC, and the Implead Parties, Gregory Blanco, AG 11, LLC, Wynwood Entertainment, LLC, and Maze Construction, LLC is:

ORDERED AND ADJUDGED that the preliminary injunction granted in the October 17, 2014 Order for Interim Relief will be extended for the duration of six (6) months or until a judgment determining whether the implead parties in the proceedings supplementary should be subject to the execution of Plaintiff's judgment, whichever is shorter.  The parties may seek further extension of the temporary injunction as is appropriate.

DONE AND ORDERED at Miami-Dade County, Florida, this ___ day of _____,
2014.

CONFORMED COPY

OCT 2 4 2014

_____
JUDGE BEATRICE BUTCHKO
CIRCUIT COURT JUDGE

~~BEATRICE BUTCHKO~~
~~CIRCUIT COURT JUDGE~~

Copies Furnished To:

Peter F. Valori, Esq.
Mark A. Kamilar, Esq.

*No Sale, transfer or encumbrance without notice to opposing
Counsel and of an emergency motion with the Court shall be
made of the real property located at 187 NW 28th Street
Miami, FL 33127, the Brick House bar business, the bulk
contents of the bar business and/or the retail beverage
license B3V2329349 in effect and utilized in the
Brick House Bar*

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO: 2012 - 5691 CA 42

VM1

            Plaintiff(s),

    vs.                                              ORDER
                                        GRANTING/DENYING
GM                                  PLAINTIFF'S/DEFENDANT'S
                                        motion for Sanctions

            Defendant(s),

_____/

            THIS CAUSE having come on to be heard on _____ 11/17/14

on Plaintiff's/Defendant's Motion

    For Sanctions Against Ricardo Blanco

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

            ORDERED AND ADJUDGED that said Motion be, and the same is hereby

Granted. Ricardo Blanco shall answer interrogatories, respond to request for
production, respond to request for admissions without objection as objections
are waived. Discovery shall be filed within ten days of the date of this
Order and Ricardo Blanco shall present himself for deposition when called by
Plaintiff within 10 days thereafter. Ruling on sanctions is deferred.

            DONE AND ORDERED in Chambers at Miami-Dade County, Florida this _____ 17th

day of _____ Nov _____, 2014

                                        _____
                                        CIRCUIT COURT JUDGE

                                        Beatrice A. Butchko
                                        Circuit Court Judge

Copies furnished to: Counsel of Record

117_01-554   3/11

**EXHIBIT B**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO:  2012 - 5691 CA 42


V M 1

                    Plaintiff(s),

ys.                                              ORDER
                                      GRANTING/~~DENYING~~
GM Entertainment                      PLAINTIFF'S/DEFENDANT'S
                                        MOTION TO COMPEL

                    Defendant(s),

_____/

        THIS CAUSE having come on to be heard on _____ 1/12/15 _____
on Plaintiff's/Defendant's Motion

   TO COMPEL AND FOR SANCTIONS
_____

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

        ORDERED AND ADJUDGED that said Motion be, and the same is hereby

GRANTED. Ana Maze shall attend her deposition currently set for
January 21, 2015 or shall be subject to sanctions including contempt
and being stricken as a witness at trial. With reference to documentary
evidence, any documents not produced as of this date shall be excluded
from Defendants and Third party defendants trial evidence as a sanction for
non-compliance with this Courts Orders including but not listed to the Order of 12/10/14.
Plaintiffs request for fees and other sanctions are carried with the case.
        DONE AND ORDERED in Chambers at Miami-Dade County, Florida this ____ 12 __

day of

_____ Jan _____       2015 _____       CONFORMED COPY

                                                    JAN 12 2015

                              _____B Butchko_____
                              CIRCUIT COURT JUDGE

                                              ORIGINAL
  Copies furnished to: Counsel of Record
                                           JUDGE BEATRICE BUTCHKO
  117_01-554  3/11

                        EXHIBIT C